IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| LANDON KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| AMES/DETRICK TRUCK COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

COMES NOW the Plaintiff, LANDON KING ("PLAINTIFF"), and files this Complaint against DEFENDANT, AMES/DETRICK TRUCK COMPANY ("DEFENDANT"), respectfully stating unto the Court the following:

## **GENERAL ALLEGATIONS**

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with a principal address in Alachua Florida, and DEFENDANT sold and serviced recreational vehicles such as jet skis and boats from its store in Alachua, Florida.

## **BACKGROUND**

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

7. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around February 2019, DEFENDANT hired PLAINTIFF to work as a service writer who was paid on an hourly, non-commissioned basis.

10. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

11. Throughout his employment, PLAINTIFF was scheduled to work from 8:30 a.m. to 6:00 p.m. from Monday to Friday and from 9:00 a.m. to 6:00 p.m. on Saturday. Between Monday and Friday, DEFENDANT automatically deducted one hour per day from PLAINTIFF'S pay for a meal deduction, but PLAINTIFF routinely worked through his lunch break. On Saturday, DEFENDANT deducted one-half hour from PLAINTIFF'S pay for the lunch breaks that PLAINTIFF could not take.

12. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for

all of his hours at a rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week.

13. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

14. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

15. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used goods and materials which have moved in interstate commerce.

16. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

17. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

18. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when for all his hours when he worked more than 40 hours in a week.

19. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

20. DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

21. DEFENDANT'S failure to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

22. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

23. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times his agreed hourly rate for the overtime hours he worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

24. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees and costs, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA-RETALIATION

25. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

26. Throughout his employment, PLAINTIFF complained to DEFENDANT that he was

not getting paid in accordance with the FLSA's overtime provisions.

27. Upon information and belief, PLAINTIFF was terminated on or about December 13, 2019, because he requested DEFENDANT pay him for all of his time.

28. As a result of his termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover attorney's fees and costs of litigation, lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT

29. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

30. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $16 per hour for each hour he worked for DEFENDANT.

31. PLAINTIFF performed as he was supposed to perform pursuant to the parties' agreement, but DEFENDANT breached the agreement by failing to pay PLAINTIFF for 5.5 hours of work per week throughout his employment.

32. As a result, PLAINTIFF has been forced to retain counsel to obtain his unpaid wages and PLAINTIFF is seeking reimbursement for his legal fees.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover lost wages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  December 23, 2019

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**

        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.:  92265
        309 NE 1st Street
        Gainesville, FL  32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvilleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF