IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LANDON KING,

     Plaintiff,

v.                               CASE NO.: 1:19-cv-331-AW-GRJ

AMES/DETRICK TRUCK COMPANY,

     Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff LANDON KING and Defendant AMES/DETRICK TRUCK COMPANY, through their undersigned counsel, file this Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and request the Court to approve the parties' settlement of Plaintiff's claims under the Fair Labor Standards Act as follows:

1.    This case is for unpaid wages under the FLSA, FLSA Retaliation, and breach of contract. The Complaint alleges that Defendant employed Plaintiff from on or about February 2019 to on or about December 13, 2019 and Plaintiff was not paid overtime compensation for the alleged overtime hours worked due to alleged improper meal break deductions.  (Doc. 1 - Complaint ¶¶ 9, 11–12, 27)

2.     The Complaint further alleges that Defendant terminated Plaintiff in retaliation when Plaintiff complained about the FLSA overtime violations (Doc. 1 – Complaint ¶¶ 25–28) and that Defendant breached a contract by failing to pay Plaintiff for all hours worked (Doc. 1 – Complaint ¶¶ 29–32). Defendant denies that any money is owed, denies that Plaintiff was retaliated against, and denies that any contract was breached.

3.     As to the FLSA wages claim, Defendant paid Plaintiff for all meal breaks taken, which totaled about 40 hours' worth during Plaintiff's employment, as documented on Plaintiff's timecards. The timecards also show that in several weeks Plaintiff did not work over 40 hours those weeks, even adding the meal breaks deducted. Defendant calculates the full value of Plaintiff's claim for unpaid wages to be no more than $1,000 as Defendant properly deducted the time in which Plaintiff took meal breaks (and other breaks).

4.     As to the retaliation claim, Defendant denies that Plaintiff ever complained about any FLSA violation and that Plaintiff was terminated in retaliation.

5.     As to the breach of contract claim, Defendant disputes that any agreement between the parties existed and asserts that Plaintiff was paid for all hours worked.

6.     Following settlement discussions by counsel for the parties and as a compromise of a bona fide dispute, the parties have reached a full and complete settlement of Plaintiff's claims under the FLSA as follows:

    a.     Defendants will pay Plaintiff a gross amount of $1,000.00, less applicable withholding of taxes and FICA, in settlement of his disputed and denied wages claims and breach of contract claim, which relates to unpaid wages;

    b.     Defendants will pay Plaintiff a gross amount of $1,000.00 in settlement of his disputed and denied liquidated damages claims; and

    c.     Defendants will pay Plaintiff a gross amount of $2,060.00 in settlement of his disputed and denied retaliation claim, and in exchange for a general release and confidentiality provision; and

    d.     Defendants will pay Matthew Birk a gross amount of $3,440.00 in settlement of Plaintiff's disputed and denied attorney's fees and costs claims;

7.     The settlement is a fair and reasonable resolution of a bona fide dispute under Lynn's Food stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Defendant has agreed to pay more than its calculation of the full value of Plaintiff's claims, though it specifically disputes and denies any liability.

8.     Moreover, the amount of attorney's fees and costs was negotiated separately and without regard to the settlement of Plaintiff's claims.

9.     The parties are independently represented by counsel and have agreed to settle this case voluntarily and knowingly.

10.    Upon the Court's approval of the parties' settlement of this action, the parties agree to the dismissal of this matter, with prejudice and stipulate to a final order of dismissal.

WHEREFORE, the parties request that the settlement be approved, and this case be dismissed with prejudice.

MEMORANDUM OF LAW

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The settlement of the instant action reflects a reasonable compromise of disputed issues including FLSA coverage and the method of calculating claimed damages.  All parties are represented by counsel, and there is no overreaching as Plaintiff negotiated for the full value of his back pay and liquidated damages claims and separately negotiated attorney's fees and costs without regard to the settlement of Plaintiff's claims.

Wherefore, the Parties respectfully submit that the settlement is a reasonable compromise of the disputed issues and should be approved.

Respectfully submitted this 29th day of April, 2020.

THE LAW OFFICE OF
MATTHEW BIRK

/s/ Matthew W. Birk
Matthew W. Birk
Florida Bar No.: 92265
mbirk@gainesvilleemploymentlaw.com
309 NE 1st Street
Gainesville, FL 32601
Telephone: 352-244-2069
Facsimile: 352-372-3464

*Counsel for Plaintiff*

DONNELLY + GROSS

/s/ Paul A. Donnelly
Paul A. Donnelly
Florida Bar No. 813613
paul@donnellygross.com
Cole A. Barnett
Florida Bar No. 119722
cole@donnellygross.com
Donnelly + Gross
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
Telephone: (352) 374-4001
Facsimile: (352) 374-4046

*Counsel for Defendant*